Filed 5/28/15  P. v. Lombardi CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>PAUL JOSEPH LOMBARDI,<br><br>    Defendant and Appellant. | D067268<br><br><br><br>(Super. Ct. No. SCD177650) |

APPEAL from a judgment of the Superior Court of San Diego County, David J. Danielsen, Judge.  Affirmed.

Anna M. Jauregui-Law, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In July 2005, Paul Joseph Lombardi was convicted of attempted kidnapping (Pen. Code,[1] §§ 207, subd. (a) & 664).  He was sentenced to prison in August 2005 as a third strike offender for an indeterminate term.

---

[1]    All further statutory references are to the Penal Code unless otherwise specified.

In November 2014, Lombardi filed a petition to recall his sentence under section 1170.126 (Proposition 36). The trial court denied the petition as untimely. The trial court held that even if the petition was timely filed the petition should be denied because Lombardi's commitment offense was a serious felony as defined in section 1192.7, subdivision (c)(20) and (c)(39), thereby making him ineligible for resentencing.

Lombardi filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating she has been unable to identify any reasonably arguable issues for reversal on appeal. Counsel requests this court review the record for error as mandated by *Wende*.[2]

DISCUSSION

We have reviewed the entire record as required by *Wende, supra,* 25 Cal.3d 436. In compliance with *Anders v. California* (1967) 386 U.S.738 (*Anders*), appellate counsel has provided two possible, but not reasonably arguable issues for our consideration:

1. Whether Lombardi's petition was timely filed since it was mailed by a prison official on October 19, 2014?

2. Whether Lombardi's commitment offense disqualified him from resentencing under section 1170.126?

Lombardi has filed a supplemental brief in his appeal. He contends his petition was timely filed since he gave it to the appropriate prison authorities on October 19,

---

[2]    Given the very limited nature of this appeal we will not include a statement of facts.

2

2014. Thus he argues his filing was timely even though the petition was not filed with the superior court until after November 6, 2014. In addition, Lombardi contends the court erred in finding that attempted kidnapping was a serious felony. He argues section 1192.7, subdivision (c) is ambiguous and we should find his offense was not a serious felony.

We will assume for the purposes of this appeal the trial court erred in finding the petition untimely. Instead we will focus on Lombardi's challenge to the characterization of his commitment offense.

Section 1192.7, subdivision (c) and its subparts define serious felonies for purposes of recall of three strikes sentences under section 1170.126. Section 1192.7 provides in part: "(c) As used in this section, 'serious felony' means any of the following: . . . (20) kidnapping . . . (39) any attempt to commit a crime listed in this subdivision other than an assault."

Respectfully there is nothing ambiguous or confusing in the statute as it applies to this case. The plain meaning is that kidnapping is a serious felony. An attempt to commit kidnapping is therefore a serious felony as well. There is no principle of statutory construction that would support an argument that attempted kidnapping is not a serious felony. Thus, even if Lombardi's petition was timey filed, he is not eligible for resentencing under section 1170.126 because his commitment offense is a serious felony.

We have reviewed the entire record and Lombardi's supplemental brief. Our review of the record has not revealed any reasonably arguable issues for reversal on appeal. Competent counsel has represented Lombardi on this appeal.

3

DISPOSITION

The judgment is affirmed.

HUFFMAN, J.

WE CONCUR:

BENKE, Acting P. J.

McINTYRE, J.